IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT TEDDER, :
AIS 147885,
 :
    Petitioner,
vs. : CA 07-0046-BH-C

GRANT CULLIVER, :

    Respondent.

## REPORT AND RECOMMENDATION

Robert Tedder, a state prisoner presently in the custody of the respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## FINDINGS OF FACT

1. Tedder was convicted in the Circuit Court of Monroe County, Alabama on June 27, 1987, of first-degree sodomy and three counts of enticing a child; he was sentenced to twenty-five years imprisonment on the sodomy count and five years on each count of enticing a child, with the sentences to

run concurrently. *See Tedder v. Jones,* CA 91-0045-RV-S, Doc. 152, at 1. Petitioner directly appealed one of his child enticement convictions, *Tedder v. State*, 547 So.2d 599 (Ala.Crim.App. 1988), *rev'd sub nom. Ex parte State of Alabama*, 547 So.2d 601 (Ala. 1989), and also collaterally attacked all of his convictions and sentences, *see* CA 91-0045-RV-S, *supra,* Doc. 152, at 5-8.

2. Tedder filed a petition seeking federal habeas corpus relief in the United States District Court for the Northern District of Alabama, pursuant to 28 U.S.C. § 2254, on November 29, 1990, collaterally attacking his convictions and sentences; his case was transferred to this Court by order dated January 16, 1991. *See* CA 91-0045-RV-S, *supra*. On March 2, 1994, United States Magistrate Judge William H. Steele, in a sixty-page opinion, recommended that the petition be denied. *See* CA 91-0045-RV-S, Doc. 152. United States District Judge Richard W. Vollmer adopted Magistrate Judge Steele's report and recommendation by order entered on May 19, 1994. *Id*. at Doc. 157.

3. Petitioner filed written notice of appeal on May 27, 1994, *id.* at Doc. 159, and, on that same date, a request for a certificate of appealability, *see id.* at Doc. 160. Tedder filed a second notice of appeal and request for certificate of appealability on June 13, 1994. *See id*. at Docs. 163 & 165. This

Court denied all motions filed by petitioner by order dated July 5, 1994. *Id*. at Doc. 170. Thereafter, on or about February 1, 1995, the Eleventh Circuit Court of Appeals denied Tedder's certificate of probable cause and motion for leave to proceed on appeal *in forma pauperis*. *Id*. at Docs. 173-174. The United States Supreme Court denied Tedder's petition for writ of certiorari on October 10, 1995. *See* CA 91-0045-RV-S, Docket Sheet.

4.   Tedder filed the instant habeas corpus petition in this Court on January 16, 2007. (Doc. 1)  In the petition, Tedder, by his own admission, raises eight of the same claims he raised in his first federal habeas petition (*compare id*., at 7-25 & 29 *with Tedder v. Jones*, CA 91-0045-RV-S, Doc. 152, at 9-13) and the additional claim that portions of Rule 20 of the Alabama Rules of Criminal Procedure are unconstitutional (Doc. 1, at 26-28).[1]

## **CONCLUSIONS OF LAW**

1.   A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*,

---

[1] Presently pending before the undersigned is petitioner's motion to proceed without prepayment of fees (Doc. 2), same being filed concurrently with the filing of Tedder's § 2254 petition. In light of the contents of this report and recommendation, petitioner's *in forma pauperis* motion (Doc. 2) is **MOOT**.

163 F.3d 326, 328 (5th Cir. 1999).  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. foll. § 2254, Rule 4.

    2.    Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000).

    3.    The instant petition, filed on January 16, 2007 pursuant to 28 U.S.C. § 2254, is clearly a successive petition yet there is nothing to indicate that petitioner has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second federal habeas petition, and been granted leave of that court to file another habeas corpus petition, this Court lacks

jurisdiction to consider Tedder's request for relief. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).

4. The undersigned recommends that this Court dismiss Tedder's present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer same to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, *compare Guenther, supra*, 173 F.3d at 1330-1331 (refusing to decide whether § 1631 authorizes a transfer) *with In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000) (implicitly recognizing that § 1631 authorizes a transfer), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

## CONCLUSION

The Magistrate Judge recommends that the present habeas corpus petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 21st day of June, 2007.

       s/WILLIAM E. CASSADY
       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

6